FILED
2015 Jun-11 PM 01:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

CV-15-K-0977-S

**Reginald Burrell**

_____

mate Identification Number: **210704**

_____

_____

nter above the full name(s) of the plaintiff(s)
this action)

vs.

**Alabama Department of Corrections, Regional Coordinator**

**Grant Culliver, Wardens Cheryl Price, Cedric Specks,**

**Lloyd Hicks, Captain Jeffery Baldwin, Tew, officers**

**Jenkins Mohammad, Robert Davis, Lester Murray etc.**

nter above full name(s) of the defendant(s)
this action)

**NOTICE TO FILING PARTY**

_It is your responsibility to
notify the clerk in writing
of any address change.
Failure to notify the clerk
may result in dismissal
of your case
without further notice._

Previous lawsuits

A.   Have you begun other lawsuits in state or federal court(s) dealing with the same facts involved
     in this action or otherwise relating to your imprisonment?
     Yes   (   )          No   (X)

B.   If your answer to (A) is "yes," describe each lawsuit in the space below. (If there is more than
     one lawsuit, describe the additional lawsuit(s) on another piece of paper, using the same outline.)

     1.   Parties to this previous lawsuit:

          Plaintiff(s):  _____

                              N/A

          Defendant(s):  _____

          _____

2.  Court (if Federal Court, name the district; if State Court, name the county)

_____ N/A _____

3.  Docket number _____ N/A _____

4.  Name of judge to whom case was assigned _____ N/A _____

5.  Disposition (for example: Was the case dismissed?  Was it appealed?  Is it still pending?) _____

N/A

6.  Approximate date of filing lawsuit _____ N/A _____

7.  Approximate date of disposition _____ N/A _____

Place of present confinement ___ Life Tech Transition Center

A.  Is there a prisoner grievance procedure in this institution?
    Yes  (X)          No  (  )

    Did you present the facts relating to your complaint in the state prisoner grievance procedure?
    Yes  (X)          No  (  )

C.  If your answer is YES:

    1.  What steps did you take?  I immediately reported to officer Weirich, Sargent Robert Davis, Captain Baldwin, Warden Hicks and Warden Price.

    2.  What was the result?  No action Taken except retaliation against me.

D.  If your answer is NO, explain why not? _____

_____

_____

2

Parties

In item (A) below, place your name(s) in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.

A.    Name of plaintiff(s)    Reginald Burrell

Address    2115 Bashi Road  Thomasville, AL 36784

In item (B) below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use item (C) for the names, positions, and places of employment of any additional defendants.

B.    Defendant    Jenkins Mohommad  and  Jeffery Baldwin

is employed as    Correctional Officers / Sargent and Captain

at    Alabama Department of Corrections  William E Donaldson Correctional Facility

C.    Additional Defendants    Osaga Regional Coordinator, Grant Culliver, Wardens Cheryl Price, Cedric Specks, Lloyd Hicks, Captain Tew, officers Robert Davis, Lester Murray, Nurse Matt McGee, Officer Weirich, officer Eddie Watts, Head Classification Bonner, Sargent Taylor, Lieutenant Felton, Commissioner Kim Thomas.

Statement of Claim

State here, as briefly as possible, the FACTS of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheets, if necessary.

I was stabbed and cut six times with a knife and although captain Baldwin witnessed my wounds, my body chart identified my wounds, captain Baldwin allowed Sargent Jenkins Mohommad influenced him to conspire with the inmates that did it to me and falsify reports and helped inmates escape free of charge. SEE Attached Complaint please.

3

Although there was several years of incidents and complaints I made against Jenkins for harrassment, it went unheard by the administration at W.E. Donaldson. Which lead up to Jenkins conspiring against me with inmates that lead to me being stabbed and thrown in a lock up cell and nobody helped me, and Jenkins falsify incident report allowing inmates escape charge for assault with a deadly weapon against another person.

RELIEF

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

I want officer Jenkins and Captain Baldwin to be prosecuted under federal law for felony falsifying records intended for public records, and face prosecution for violating my civil rights, and held to account under Alabama Department of Corrections Administrative Regulations and loose their jobs. In addition, Compensatory damages of $75,000 on each defendent Jointly and Severally, Punitive damages of $50,000 on each defendent. See Attachment please.

"I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 9, 2015

_Reginald Burrell_
Signature(s)

In THE UNITED STATES DISTRICT COURT FOR THE

Northern   DISTRICT OF ALABAMA

COPY

Reginald Burrell
**PLAINTIFF**

V.

Alabama Department of Corrections,
Regional Coordinator, Grant Culliver, Wardens Cherly
Price, Cedric Specks, Lloyd Hicks, Captains Jeffery
Baldwin, Tew, officer Jenkins Mohommad, Robert Davis,
etc...
**DEFENDANTS**

**FILED**

2015 JUN 11 A 10: 50

CASE NO: DISTRICT COURT
N.D. OF ALABAMA

# COMPLAINT

# I  JURISDICTION & VENUE

**1.** This is a civil action authorized by 42 U.S.C. section 1983 to redress
the deprivation, under color of state law, of rights secured by the
constitution of the United States. The court has jurisdiction under
28 U.S.C section 1331 and 1343 (a)(3). Plaintiff seeks declaratory
relief pursuant to 28 U.S.C section 2201 and 2202. Plaintiff claim
for injunctive relief are authorized by 28 U.S.C section 2283 &
2284 and Rule 65 of the federal Rules of civil procedure.

**2.** The United States District Court for the Northern District of Alabama
is an appropriate venue under 28 U.S.C. section 1391 (b)(2) because
it is where the events giving rise to the claim occurred.

## II  PLAINTIFF

**3.** Plaintiff Reginald Burrell is and was at all mentioned herein

Pages 1. of 22.

a prisoner of the state of Alabama, in the custody of the Alabama Department of Corrections. He is currently confined at LIFE TECH Transitional Facility.

## III DEFENDANTS

4. Defendant <u>Kim T. Thomas</u> is and was at all times mentioned herein a employee of the State of Alabama, working as the Commissioner of Alabama Department of Corrections. He is/was responsible for the overall operations of the Department of Corrections and each institution under its jurisdiction, including William E. Donaldson Correctional Facility where Plaintiff was confined and where the events giving rise to the claim occurred.

5. Defendant <u>Grant Culliver</u> is/was at all times mentioned herein a employee of the State of Alabama, working as the Institutional Coordinator of Alabama Department of Corrections specifically over William E. Donaldson region and is/was responsible for the operations of the facility and welfare of all inmates therein.

6. Defendant <u>Cheryl Price</u> is/was ~~the was~~ at all times mentioned herein a employee of the State of Alabama, working as the head Warden at William E. Donaldson for Alabama Department of Corrections at the time of the events giving rise to the claim occurred, and is/was responsible for the daily operations of the facility and welfare of all inmates therein.

7. Defendant <u>Cedric Specks</u> is/was at all times mentioned herein a employee of the State of Alabama, working as Warden II at William E. Donaldson for Alabama Department of Corrections at the time of Events giving rise to the claim occurred and is/was responsible for daily operations at the facility and the welfare of inmates therein.

8. Defendant <u>Lloyd Hicks</u> is/was at all times mentioned herein a employee of the State of Alabama, working as Warden I at William E. Donaldson for Alabama Department of Corrections at the time of events giving rise to the claim occurred and/is was responsible for daily operations at the facility and the welfare of inmates therein.

9. Defendant <u>Jeffrey Baldwin</u> is/was at all times mentioned herein a employee of the State of Alabama, working as Captain at William E. Donaldson for Alabama Department of Corrections at the time of events and was present, giving rise to the claim occurred and/is responsible for security and welfare of all inmates therein.

10. Defendant <u>Captain Tew</u> is/was at all times mentioned herein a employee of the State of Alabama, working as Captain at William E Donaldson for Alabama Department of Corrections at the time of events and was present, giving rise to the claim occurred and/is responsible for security and welfare of all inmates therein.

11. Defendant Jenkins Mohammad is/was at all times mentioned herein a employee working for the State of Alabama, working as a Correctional officer at William E. Donaldson C.F and responsible for safety and security of inmates.

12. Defendant <u>Head Classification Bonner</u> is/was at all times mentioned herein a employee working for the State of Alabama, working as Head Classification Specialist for Alabama Department of Corrections at the time events and was present, giving rise to the claim occurred and is responsible for classification of all inmates therein at William E. Donaldson Correctional Facility.

13. Defendant <u>Felton</u> is/was at all times mentioned herein a employee working for the State of Alabama, working as Lieutenant at William E. Donaldson for Alabama Department of Corrections at the time of events and was present acting as shift command, giving rise to the claim occurred and is/was responsible for enforcing security and welfare of all inmates therein at the facility.

14. Defendant <u>Robert T. Davis</u> is/was at all times mentioned herein a employee of the State of Alabama, working as Sargent at William E Donaldson Correctional Facility for Alabama Department of Corrections at the time of events and was present, giving rise to the claim occurred and is/was responsible for enforcing security and welfare of all inmates therein the facility.

15. Defendant <u>Taylor</u> is/was at all time mentioned herein a employee of the State of Alabama, working as Sargent at William E. Donaldson Correctional facility for Alabama Department of Corrections at the time of events and was present, giving rise to the claim occurred and is/was responsible for security and welfare of all inmates therein.

Pages 4. of 22.

16. Defendant <u>Eddie D. Watts</u> is/was at all times mentioned herein a employee of the state of Alabama working as an officer at William E. Donaldson C.F for Alabama Department of Corrections at the time of events and was present giving rise to the claim occurred and is/was responsible for security and welfare of all inmates therein.

17. Defendant <u>Lester D. Murray</u> is ~~an officer~~ was at all times mention herein a employee of the state of Alabama working as an officer at William E. Donaldson C.F for Alabama Department of Corrections at the time of events and was present giving rise to the Claim occurred and is/was responsible for enforcing Administrative Regulations, security and welfare of all inmates therein.

18. Defendant <u>Matt McGee</u> is/was at all times mentioned herein a nurse employed by Medical Service provider Corizon employed by the State of Alabama working at William E. Donaldson C.F at the time of events and was present giving rise to the claim occurred and is/was responsible for treating my wounds and documenting all findings.

19. Defendant <u>Weirich</u> is/was at all times mentioned herein a officer or employee of the state of Alabama working at William E. Donaldson C.F for Alabama Department of Corrections at the time of events and was present giving rise to the claim occurred and/is responsible for security and welfare of all inmates therein.

Pages 5. of 22.

# IV FACTS

20. On August 9, 2013 I was stabbed and cut six (6) times across my chest, both arms, hip and back of my left leg. Inmate Terence Jackson A.I.S# 270636 called me to his cell about his cell phone I was keeping. He and I agreed that I would keep the phone until he paid my green dot back that he used without my consent. I stepped in the door way to his cell to see what he wanted when Johny Jones A.I.S# 249294R, Douglas McMean A.I.S# 199341R and inmate moore come up behind me pushing me inside the cell closing/locking the door behind us. Inmate Jackson begin telling me to go get his phone. I responded that we had an agreement. Inmate Jones and moore told Jackson not to argue just go ahead and stabb me. Jackson went into his pants and pulled out a knife (Prison knife) and in a quick motion raised it up and came down towards my head. I threw my hands in the air to block the knife when Inmate McMean grabbed me from behind around my neck in the choke hold, choking me cutting off my air circulation, while my hands continued to block knife blows to vital organs. The knife hit me first on my left thumb knocking a piece of meat off. Inmate Jones then grabbed my arms so Jackson came stabb me without my hands being in the way. My hands and arms was wavering in all directions trying to avoid being stabbed in vital organs before Jones grabbed them. As Jackson begin hitting me with the knife, my air circulation out of from being choked by McMean, I collapsed. When I came too on the floor bleeding with all four of them standing

Pages 6 of 2

Cont.

20. OVER ME. McMean was slapping me in the face saying wake up, wake up. I notice all four of them had knives. Jones told me I wasn't going nowhere until I told them where the phone was at. I told them Inmate James Taylor was holding the phone. Inmate Moore left out the cell to go get it. They told me if it wasn't there I'll get the same thing all over again. Moore came back with the phone. They insisted I stayed in the cell until they or Jackson called Verison Wireless Customer service to change information over. They then released me, I went to officer Weirich and he asked what happen while escorting me out the dormitory. We got to the East hall when I seen officer Eddie Watts and him is who I told what just happen, along with Lieutenant Felton that was with him. Officer Eddie Watts and Lieutenant Felton both ran into the dorm that officer Weirich had just escorted me from, and I was taken to the Health Care Unit. I had been stabbed and cut six (6) times in the arm, chest, thumb, and upper left leg, thigh by Jackson aided by Jones, McMean and moore. ( See Fighting Without A Weapon disciplinary report for Warden and officers testimony) Exhibit A

21. Nurse Matt McGee and another nurse treated my wounds inside the health care unit as captain Tew, captain Baldwin, Lieutenant Felton, and Sargent Taylor came in and out viewing my wounds and asking questions. Sargent Davis came and stayed with me while everybody else left except the nurses.

Cont.
21. Sergent Davis with his pen and pad begin to ask for the names of those who did this to me, and other details. He took my bloody clothes and said I wouldn't get them back because they are being used as evidence and placed them in an evidence bag and confiscated them. Exhibit A witness testimony

22. Sergent Davis escorted me out the health care unit, after my wounds was treated, to the shift command office. He got on the computer as him and Lieutenant Felton continued asking questions concerning the assault. He turned the computer screen and had me to identify Terence Jackson as the inmate that did the stabbing, then he pulled up inmate Johny Jones picture and I identified him, as one that held my arms. The phone rang that sat on Sargent Davis desk and he answered it. He got off the phone and told me to come with him. He escorted me to captain Boldwin office.

23. Captain Boldwin and Sargent Jenkins was waiting for me inside the office. Captain Boldwin sat behind his desk and Jenkins sat in a chair to the side. Sargent Jenkins immediately jumped out his seat screaming at me saying nobody did nothing to me and how I was lying. He said, "nobody did shit to you, it was only a fight between you and Jackson because I use his moma address and got her in a lot of debt. Because of Jenkins and my history I didn't respond to him but I addressed the captain. I told the Captain Boldwin that Jenkins

pages 8 of 22.

Cont.
23. hate me because our history and he rather see me hurt than to help me because of sexual complaints and investigations between me and Jenkins, harrassments, and how he retaliated against me. I told _____ Captain Baldwin that Jenkins was going along with Jackson, Jones, moore and McMean word and never asked me nothing. And how I recently got released from closed custody because of Jenkins and I have not been in population around Jackson so none of what he or they say cant be true. The Captain ignored me and left me in the hands of Sargent Jenkins.

24. Me, Captain Baldwin and Sargent Jenkins existed the office onto the Easthall way. Officer Eddie D. Watts stood on his post on the Easthall way. Captain Baldwin headed toward the front of William E. Donaldson administration building as I walked behind him at a safe distance begging and pleading with him to help me from Jenkins. I told him Jenkins just retaliating against me because of the incident Nov. 9 2012. Captain Baldwin continued to ignore me and kept walking. I turned around and went stood by officer Watts and started talking with him. (See Exhibit G)

25. Officer Watts and I talked about what had happen with the stabbing, and about that request slip with my name on it saying Jenkins was sexually involved and/or harrassing me. Officer Watts said to me that request slip is why Jenkins treat me the way he do,

pages 9. of 22.

26.   Sergent Jenkins came out the shift command office from where Sergent Davis and Lieutenant Felton was at. Sergent Jenkins took the investigation away from Sergent Davis and omitted the stabbing from the incident report and replaced it with what Jackson, Jones, Memean, Moore, and Jenkins conspired, stating it was a fight without a weapon because I suppose to have used Jackson mother address and got her in $14,000 debt with the IRS. Exhibit B and Exhibit A and Exhibit C

27.   Sergent Jenkins walked up to me and officer Watts smiling saying yeah we about to run a train on your ass, while he rub his hands together looking at me. Office Watts say NO. Jenkins said "O" yes. Head Classification Mrs. Bonner was passing by heading to her office when I walked off toward her as fast as I could before Jenkins stopped me. I called out her name just before she entered the door and she stopped and looked at me and I began telling her what had happen and the history with me and Jenkins from the sexual harrassment request slip, to Nov. 9 2012 and to what he just said about running a train on me. Mrs. Bonner simply said she dont have control over security and walked off.

28.   I walked back over to officer Watts. Jenkins stood at the Barbo shop window looking at Jackson, Jones, Memean and moore. Jenkins walked over to me and officer Watts and said Im locking you up in segregation and letting them go.

Pages 10. of 22.

Cont.

28. Office Watts ask Sargent Jenkins was he forreal. Jenkins replied with a smile. Yep! Sergent Taylor was walking up and Jenkins asked him do he have any segregation cells open. Taylor said he think he have one cell open. Jenkins said,"good thats all I need." Sargent Taylor asked Sargent Jenkins what he gone do with the other three (3) inmates, Jackson, McMean, Jones and Moore, then Jenkins said,"0" Burrell is the only one getting locked up." SergenT Taylor asked, But didn't Burrell the one got stabbed, Sargent Taylor said ooooh WEEE, come with me Burrell. Sargent Taylor escorted me to segregation as Jenkins opened the Barbe shop door and let Jackson, McMean, Jones, and Moore go free. (See segregation intake log on Aug. 9, 2013   )

29. Warden Lloyd Hicks was at my segregation cell door the next morning. He just stood there looking at me. I began off by showing him my wounds. And told him about the cellphone and how it lead to the incident. He told me to come to the Segregation Board, or Seg Board, which is once a week on a Thursday. See segregation cubicle log on administrative visits

30. I went to the seg. Board where Warden Hicks and Head Classification MRS. Bonner was on the Board. I told them what happen all over again. They just looked at me. Then Warden Hicks said come see me after your disciplinary hearings.

**31.** Officer Lester D. Murray was the hearing officer to the Fighting without a weapon disciplinary report Sergent Jenkins Falsified against me. Officer Murray took notice during the hearing of the body chart and stabb wounds, he took notice that the incident report did not state I had been stabbed and he notice the persons responsible was not charged or placed in segregation and I was the only one charged and placed in segregation. Officer Murray stopped Captain Tew whispering and pointing to my hearing paper work, body chart and incident report. (Also see body chart & incident report)

**32.** Officer Murray called arresting officer Sergent Jenkins to the hearing. Jenkins was eating a piece of cake from a staff party officers was having up front in admin this day. Jenkins stood directly over me harrassing me. I was sitting in a chair to the side. He walked directly over me with a mouth full of cake as he chew wide mouth open and answering questions asked by the hearing officer Murray intsntienally spitting cake on my lap, continuesly. I had cake crumb on my lap from out his mouth.

**33.** Officer Robert T. Davis testified how he collected my clothes from me in the infirmary because they had blood on them from my stabb wounds. Exihbit A witness testimony

**34.** Officer Eddie D. Watts testified to what was said immediately the day of the incident as he worked the Easthall way.

Pages 12. of 22.

Cont.
34.    Exhibit A witness testimony)

35.    The hearing officer Murray found me guilty.

36.    Warden Cedric Specks disapproved Officer Murray findings
because he said," Inmate Burrell's wounds are consistent
with his version of what happened. In addition no one witnessed
anything otherwise". On 9-9-2013 Exhibit A line 21.

37.    Sargent Davis, Robert T the hearing officer to the Intentionally
Creating a security, safety or health hazard disciplinary report
that was falsified against me on 8-9-2013 by Sargent
Jenkins, found me guilty simply because Jenkins, Jackson
and his mother.    said I was. There was no evidence to
corr Corroborate the statements made against me. Surely if
I was involved in a tax scam, or cause Jackson mother to be
in debt $1,400 with the IRS there will be some evidence to
show that will corroborate this really happen.
Warden Specks found me guilty and approved it 8-26-2013

38    My Due Process Rights was seriously violated with the
conduct of the disciplinary hearing held by Sargent Davis.
Because Sargent Davis acted as the investigator collecting
bloody clothes from me, questioned me about who assaulted
me and those involved, and he did not require corroborating
evidence knowing a mother will lie for her son since
he faced assault with a weapon charge against me.
Exhibit A witness testimony, Exhibit C hearing officer, Exhibit C inmate

pages 13 of 22.

Cont.

38. Jackson mother Affidavit Statement.)

39. At this point I knew the entire stabbing had been covered up and the administration at William E. Donaldson was against me and I was not in no situation to get help so I sunk deep into my segregation cell, cried plenty of days and nights waiting until I get to where I can safely say something.

40. The administration at William E. Donaldson tried to get me killed or seriously hurt. They released me back to population exactly right back around the same guys that stabbed me and held me hostage in that cell, on 8-9-2013.

41. Head Classification Mrs. Bonner neglected her duty to ensure my safety and released me to population October 2013.

42. I sent complaints detailing all that happen to me as is in my claim to the Commissioner Kim Thomas office, Regional Coordinator Grant Culliver, Internal Intelligence Division (I&I) Annetta Coleman Director of Central Records, Alabama Personnel Department and my family. Exhibit D

43. The Commissioner office Kim Thomas faxed a copy to Ward Cherly Price and said the matter being investigated. But never said nothing to me or my family that was calling.

44. Regional Coordinator Grant Culliver told me to go to the shift command office, if I am in some type of disagreement

pages 14. of 22.

Cont.

44. With Officer Jenkins. But would suggest you learn to curb the behavior that's causing you disciplineries. (See letter dated November 25, 2013) Exhibit E

45. Warden Cheryl Price was in the Dinning Hall when I seen her and I asked her was she going to do something about my complaint and she told me that she investigated the matter and do not see nothing wrong and if it was it has been addressed, but she will look again.

46. Warden Cedric Specks and I talked on several occasions where he told me dont have nothing to do with it, he asked me was he involved, he told me I shouldn't have gotten Jackson mother in debt and just avoided helping me.

47. Captain Baldwin responded to my complaint to the Commissioner Kim Thomas the worse. The first time I knew he seen my complaint was the day he came in the dorm I slept in with one dog man and a Sargent. Im looking out r-40 cell small window onto the day room floor because Captain Baldwin had told all inmates to lock down in their cells. Captain Baldwin nodded to the dog man at my cell on the top tier. The dog man came up the steps on the tier I was at. He passed by my cell twice and the third time he stopped at my cell Calling the cube officer to buzz my cell door open. Captain Baldwin was at my door before it

Alabama Department of Corrections

## DISCIPLINARY REPORT

### 403A Warden Decision

Exhibit A

**Incident Report Number:**   WDCF-13-01618

1. **Inmate:**   BURRELL, REGINALD   **Custody:**   MEDIUM   **AIS:** 00210704
2. **Institution:**   WILLIAM E. DONALDSON CORR. FAC   **Disc #:** WDCF-13-01618-1
3. **The above inmate is being charged by:**   JENKINS, MOHAMMAD S

   **with a violation of the following Rule(s):**

   501 - Fighting without a weapon

   **From Administrative Regulation #403, which occured on or about:**

   Aug 9 2013 1:15PM at C-Block cell(45)

   **A hearing on this charge will be held after 24 hours from being served.**

4. **Circumstances of the violation(s) are as follows:**

   On 8/9/2013 at approximately 1:15pm you Inmate Burrell was involved in a physical altercation with Inmate Jackson B/M 270636 while in cell 45 in C-Block.

| 08/09/2013 | JENKINS, MOHAMMAD S / Sergeant |
|---|---|
| Date | Arresting Officer / Title |

5. **I hereby certify that on this 9th day of August, 2013, at (time) 17:50:00, I have personally served a copy of the foregoing upon the above named inmate and I have informed the inmate of his/her right to present oral or written statement at the hearing and to present written questions for the witnesses.**

| WHITT, JAMES B | See Signed 403A (1-4) |
|---|---|
| Serving Officer's Name | Inmate's Signature / AIS Number |

6. **Witnesses desired?**   NO: _____   YES: See Signed 403A (1-4)
                                          Inmate's Signature                    Inmate's Signature

7. **If yes, list:**   DAVIS, ROBERT T
                        WATTS, EDDIE D

8. **Hearing Date:**   August 23, 2013   **Time:**   10:10:00   **Place:**   shift office

9. **Inmate must be present in Hearing Room. If he / she is not present, explain in detail on additional page and attach.**

10. **The Arresting Official, Inmate, and all Witnesses were sworn to tell the truth.**

MURRAY, LESTER D
Hearing Officer

11. **A finding is made that the inmate is capable of representing himself / herself.**

MURRAY, LESTER D
Hearing Officer

12. **Plea:**   BURRELL, REGINALD / 00210704   **Not Guilty**

13. **Arresting Official's testimony (at the hearing):**

Inmate Burrell was involved in a physical altercation with Inmate Jackson B/M 270636 while in cell 45 in C-Block. Submitted an incident report and body chart of victim. See attached Incident report and body chart

14. **Inmate's testimony:**

Submitted a statement and questions for the arresting officer and witnesses.

Alabama Department of Corrections

## DISCIPLINARY REPORT CONTINUATION WDCF-13-01618-1

403A Warden Decision

Exhibit A

**14a Witness:** DAVIS, ROBERT T

**Testimony:** I collected clothes for evidence from the infirmary.

**14a Witness:** WATTS, EDDIE D

**Testimony:** I observed Ofc. Weirich escorting Inmate Burrell from the block. Inmate Burrell immediately turned to me and informed me of what happened, who was involved and where the incident took place. He stated that Inmate Jackson cut him, Inmate Jones (Inmate Jackson's cell partner held him down. Inmate Moore swung at him but missed him. And that the incident occurred over a cell phone.

**15. The inmate was allowed to submit question(s) to all witnesses. Copy of questions and answers are attached.**

MURRAY, LESTER D
Hearing Officer

**16. The following witnesses were not called:**

**17. After hearing all of the testimony, the Hearing Officer makes the following findings of fact (Be Specific):**
The hearing Officer finds that:
Guilty

**18. Basis for finding of fact:**
Based on the Arresting officer's testimony. Inmate Burrell had limited information on proving his innocense.

**19. Hearing Officer's decision:** [ X ] **Guilty**        [ ] **Not Guilty**

**20. Hearing Officer's recommendation of sanction(s) to be taken against this inmate:**

[ ] Counseling / Warning

[ ] Extra Duty for _____ days at _____ hours per day under supervision _____ Shift

[ ] Loss of Outside privileges for _____ days          **Community Based Institutions Only:**

[ X ] Loss of Canteen privileges for 45 days          [ ] Draw cut to __ (min $25) for __ days

[ X ] Loss of Telephone privileges for 45 days         [ ] Restriction / State Whites for _____ days

[ X ] Loss of Visiting privileges for 45 days          [ ] Loss of Passes for _____ days

[ ] Removal from Hobby Craft          [ ] Return to Inmate Staff for _____ days

[ ] Loss of Good Time _____ Yrs _____ Mos _____ Dys

[ X ] Disciplinary Seg for 30 days

[ ] Recommend Custody Review

[ ] Recommend Job Change

[ ] Financial Compensation _____

MURRAY, LESTER D
Hearing Officer

**21. Warden's Action - Date:**    09/09/2013

**Approved** _____

**Disapproved**    Cedric Specks  / Inmate Burrell's wounds are consistent with his version of what happened. In addition no one witnessed anything otherwise.

Alabama Department of Corrections

## DISCIPLINARY REPORT CONTINUATION WDCF-13-01618-1

403A Warden Decision

Exhibit A

Other (specify) _____

22. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above named Inmate on this the
_____ day of _____, 20_____ at (time) _____ ( am / pm ).

23. _____    9/17/13    _____ 210704
Serving Officer's Signature / Title            Inmate's Signature / AIS Number

Distribution:     Original to Central Records Division
         Copy to:     I & I (If Federal or State law violated)
                 Inmate Institutional File
                 Board of Pardons and Parole
                 Sentencing Judge (if applicable)

Exhibit B

 

# State of Alabama
# Alabama Department of Corrections

William E. Donaldson Correctional Facility
100 Warrior Lane
Bessemer, Alabama 35023

**ROBERT BENTLEY**
GOVERNOR

**KIM T. THOMAS**
COMMISSIONER

August 9, 2013
(Date)

To:      **Price, Cheryl**
         (Institutional Warden)

From:    Sgt. M. Jenkins
         (Security Supervisor)

Re:      Admission of Inmate to Segregation for
         Investigation/Protective Custody/Psychological Reason(s)

On this date at      August 9, 2013      inmate      Inmate Reginald Burrell      R/S      B/M

AIS #      B/210705            , was placed in the Segregation Unit for the reason(s) indicated:

( X )    Administrative Segregation pending disciplinary action for a departmental or institutional rule
         violation. Intentionally creating a security, safety, health hazard/ Fighting without a weapon in C &
         D unit with (Inmate Terrance Jackson B/270636) over money 14,000 IRS Return

(   )    Administrative Segregation pending an Enemy Validation Committee's decision for placement in
         Protective Custody.

(   )    Investigation status pending

(   )    For Psychological reason(s).

The recommending official, or arresting officer, must initiate due process for reason(s) indicated
above no later than DATE:      Aug 13, 2013      TIME:      4:00 Pm    AM   PM  since the
Inmate's status must be reviewed within 72 hours, excluding weekends and holidays from the date and time
he/she is admitted to segregation.

If this inmate has not been served a disciplinary, a decision from the Enemy Validation Committee or
completion of a psychological evaluation within the 72 hour period, his/her status must be reviewed by the
Warden/designee. The inmate will be informed as to why this segregation status is extended.

_Reginald Burrell 2/0704_
(Inmate's Signature)

Distribution: Classification, Captain's Office, ICS, Institutional Inmate File, Segregation Unit File

ADOC Form 433-A – August 18, 2009

Alabama Department of Corrections

# DISCIPLINARY REPORT

## 403A Warden Decision

*Exhibit C*

**Incident Report Number:**      WDCF-13-01618

1. **Inmate:**          BURRELL, REGINALD                    **Custody:**   MEDIUM                    **AIS:** 00210704
2. **Institution:**     WILLIAM E. DONALDSON CORR. FAC                                        **Disc #:** WDCF-13-01618-2
3. **The above inmate is being charged by:**          JENKINS, MOHAMMAD S

   **with a violation of the following Rule(s):**

   505 - Intentionally creating a security, safety, or health hazard

   **From Administrative Regulation #403, which occured on or about:**

   Aug  9 2013  1:15PM at C-Block cell(45)

   A hearing on this charge will be held after 24 hours from being served.

4. **Circumstances of the violation(s) are as follows:**

   On 8/9/2013 at approximately 1:15pm you Inmate Burrell B/M 210705 were discovered to be involved in a tax preparation scam involving Inmate Jackson B/M 270636 and his family.

   | 08/09/2013 | JENKINS, MOHAMMAD S / Sergeant |
   |---|---|
   | Date | Arresting Officer / Title |

5. **I hereby certify that on this 9th day of August, 2013, at (time) 05:50:00, I have personally served a copy of the foregoing upon the above named inmate and I have informed the inmate of his/her right to present oral or written statement at the hearing and to present written questions for the witnesses.**

   | WHITT, JAMES B | See Signed 403A (1-4) |
   |---|---|
   | Serving Officer's Name | Inmate's Signature / AIS Number |

6. **Witnesses desired?**          **NO:** _____          **YES:** See Signed 403A (1-4)

   Inmate's Signature                                                          Inmate's Signature

7. **If yes, list:**      GARRETT, DAVID MICHAEL / 00241421R

   WATTS, EDDIE D

8. **Hearing Date:**     August 24, 2013          **Time:**   13:15:00          **Place:**   Segregation Office
9. **Inmate must be present in Hearing Room. If he / she is not present, explain in detail on additional page and attach.**
10. **The Arresting Official, Inmate, and all Witnesses were sworn to tell the truth.**

    DAVIS, ROBERT T
    Hearing Officer

11. **A finding is made that the inmate is capable of representing himself / herself.**

    DAVIS, ROBERT T
    Hearing Officer

12. **Plea:**          BURRELL, REGINALD / 00210704                    **Not Guilty**

13. **Arresting Official's testimony (at the hearing):**

    The Incident was thoroughly and Inmate Jackson did receive a disciplinary. I talked with Inmate Jackson's mother and she confirmed that Inmate Burrell was involved in a tax preparation scam. Inmate Jacksoms mother sent me a sworn affidavit attesting to the fact. See attached statement.

14. **Inmate's testimony:**

    See written statement, question and answers for Sergeant Jenkins.

    **14a Witness:**          GARRETT, DAVID MICHAEL / 00241421R

    **Testimony:**          See written questions and answers.

15. **The inmate was allowed to submit question(s) to all witnesses. Copy of questions and answers are attached.**

## DISCIPLINARY REPORT CONTINUATION WDCF-13-01618-2

403A Warden Decision

DAVIS, ROBERT T
Hearing Officer

*Exhibit C*

**16. The following witnesses were not called:**

**Witness:** WATTS, EDDIE D

**Reason Not Called:** Inmate Burrell waived Officer Watts as a witness.

**17. After hearing all of the testimony, the Hearing Officer makes the following findings of fact (Be Specific):**

The hearing Officer finds that:

The Hearing Officer finds that Inmate Burrell was involved in a tax preperation scam. Therefore Inmate Burrell is guilty of intentionally creating a security, safety or health hazard.

**18. Basis for finding of fact:**

The basis is the sworn testimony of the Arresting Officer, Inmate Jackson mother's sworn affidavit (see attached) and Inmate Jackson's statement (see attached).

**19. Hearing Officer's decision:** [ X ] **Guilty** [ ] **Not Guilty**

**20. Hearing Officer's recommendation of sanction(s) to be taken against this inmate:**

[ ] Counseling / Warning

[ ] Extra Duty for _____ days at _____ hours per day under supervision _____ Shift

[ ] Loss of Outside privileges for _____ days

[ X ] Loss of Canteen privileges for 30 days, as of 08/26/2013

[ X ] Loss of Telephone privileges for 30 days, as of 08/26/2013

[ X ] Loss of Visiting privileges for 30 days, as of 08/26/2013

[ ] Removal from Hobby Craft

[ ] Loss of Good Time _____ Yrs _____ Mos _____ Dys

[ X ] Disciplinary Seg for 30 days

[ ] Recommend Custody Review

[ ] Recommend Job Change

[ ] Financial Compensation _____

**Community Based Institutions Only:**

[ ] Draw cut to __ (min $25) for __ days

[ ] Restriction / State Whites for _____ days

[ ] Loss of Passes for _____ days

[ ] Return to Inmate Staff for _____ days

DAVIS, ROBERT T
Hearing Officer

**21. Warden's Action - Date:** 08/26/2013

**Approved** Cedric Specks _____

**Disapproved** _____

**Other (specify)** _____

**22.** I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above named Inmate on this the 27 day of _August_, 20_13_ at (time) _4:40_ ( am / pm ).

**DISCIPLINARY REPORT CONTINUATION WDCF-13-01618-2**

403A Warden Decision

23.

Serving Officer's Signature / Title

Reginald Burrell 210704

Inmate's Signature / AIS Number

ExhibitC

Distribution:    Original to Central Records Division

Copy to:    I & I (If Federal or State law violated)

Inmate Institutional File

Board of Pardons and Parole

Sentencing Judge (if applicable)

Inmate Reginald Burrell B/m 210704, 100 warrior lane, Bessemer A. 35023

Alabama Personnel Dept.
64 N. Union St.
Montgomery, AL 36130

Commissioner Kim T. Thomas
Ala. Dept. of Corrections
101 South Union St.
Montgomery, Al 36130

Director, Anette Dunnem
Central Records Office
1400 Lloyd St.
P.O. Box 301501
Montgomery, AL 36130



10/27/13

### Complaint

Please Consider me. Officer Jenkins had me locked up and closed custody for
7 months and 9 days for my first major disciplinary in 3½ years. Because I had
complained to my supervisor about what he had done, I was released from
lock up immediately to the crime bib program where I signed up and became
apart. ICS immediately move me out the program and put me in C block cell
47 where I was stabbed and cut 6 times across my chest, both arms, hip
and the back of my left leg. Sargent Jenkins mocked what happen to me,
Conspired with the inmate that done it to me and let him free without
lock up, charge or disciplinary. Sargent Jenkins then omitted the
stabbing from his reports, added I was involved in a fax preparation
scam involving the assailant and immediately put me back in lock up
and charged me instead. Sargent Jenkins knew I was just released
from closed custody lock up and the incident was over a cell phone
and not a fax scam.

1. On Aug. 9, 2013 inmate Jackson # 270636 stabbed me 6 times
   while his cell partner and homiey hold and choked me until
   I collapsed on the floor. They held me in the cell until I
   told them where the cell phone was at. (See fighting without a
   weapon disciplinary report for full story, officer conduct testimony)



2. Sergeant Davis began the investigation in the health care unit where Officer Welluch had taken me. I told Sergent Davis what happen while he collected my bloody clothes for evidence as the nurses treated my wounds. (See line 116 witness Sergent Davis testimony on fighting without a weapon disciprinary report.)

3. Sergent Davis escorted me to the unit office afterward and had me identify those involved in the assault on a computer screen.

4. Sergent Jenkins came and stopped and took the investigation in. Sergent Davis, omitted the statement from the written report, added the assalt statement, put me in restriction and closed my two disciplinary reports and allowed the assailant to walk without free or lock up charge or disciplinary. (See my body claim from the mental heat Unit and wire incident report.)

5. Captain Baldwin allowed Sergent Jenkins to use a prepared statement from the assault neither without know corroborating evidence and then lock me up and charge me based on that statement when they knew I was just released from lock up closed custody and the incident was over a cell phone and I had nothing to do with a cell phone.

6. Captain Baldwin witness my stabb wounds in person inside the health care unit but still allowed Sergent Jenkins to falsify the incident and disciplinary reports.

7. Captain Baldwin ignored my plea for witness, turned his back to me and gave Sergent Jenkins a nod and walked away leaving me to Sergent Jenkins.

8. Sergent Jenkins said with a smile on his face, rubbing his hands together, Yeah we're about to run a train on you and started laughing. I turned to run when I seen Head Classification Mrs. Barnes and sprinted to her with Jenkins right behind me. I explained to her what was happening and she told me she have known say so over security.



Exhibit D

9. Other Officers observing the situation was shocked that the assailants would not face lock up, charge or disciplinary and said so. Including Officer Watts, Officer Gains, Officer Gamble, Officer Robinson, Sergeant Davis, Sergeant Taylor, and LT Felton.

10. Officer Hurley the hearing officer for the fighting without a weapon disciplinary report pointed out to captain hew during my disciplinary hearing my body chart, incident report and disciplinary. He said for my assault I should lock up time and bailed me guilty because the assailing officer stood a mob. (see line 18 of disciplinary report)

11. During Sergeant Hanton's disciplinary hearing hearing is degraded me by standing over me while eating a piece of oota from a deli party that day deliberately spitting oota crumbs out of his mouth onto my pants and chest as a sign of his then.

12. Sergeant Davis late hearing Director for the Intentionally Creating a Security Safety or health hazard disciplinary hearing, who also was an assault on the same incident, and participate in the transfership, gave me back time no lock up also because the statement from the assailant mother was not available at the hearing. (see b of complaint)

13. Warden nero came to my lock up cell within 15 hours of the incident and after discussing what happen told me to come to the seg board. At the seg board he acknowledge hearing some of the thorns and told him but offered know intervention.

14. Warden Speaks commented on line 21 of the fighting without a weapon disciplinary report saying he believed what I said happen because of the evidence on the wounds but did not follow the Administrative Regulations #403 on the Intentionally Creating a Security, Safety or health hazard disciplinary report that had know evidence to support the assailant mother statement.

Page 3 of 6.



15. Warden Spects and Hucks showed deliberate indifference towards me by not acting upon discovering that I had been stabbed and reports falsified to cover it up. They did not reinitiate, charge or discipline the inmate(s), Sergent Trenters or Captain Baldwin for their role in the incident.

16. In 2010 LT Eric Toner had to intervene and order Officer Trenters to stop harassing me after I kept complaining of him stalking me, pinning me into the east hallway corner, accertain control over me and constantly targeted me for personal searches.

17. Officer Trenters started calling me a rat and a snitch to inmates and officers. He seconds read my name and convinced other inmates to be careful around me.

18. In 2011 Sexual Misconduct and harassment was reported on Officer Trenters to Warden Price on a request slip with my name on it. Warden Gardy read on investigation into it, someone reported encounters they had witness but the facts was altered and not much was denied it.

19. Officer Trenters was made and called me out my name claiming threatening to destroy me after the Sexual misconduct harassment investigation that day. Although I did not write it he refused to accept it and was ever more determined and hostile against me.

20. In 2012 I complain to Sergent Robertson of Officer Trenters Misconduct and he cursed me out and tried to assault me and resulted into writing a false report against me adding and taking away from my words causing me to be put in lock up and closed custody for 4 months and 9 days.

21. ALDOC Officials, Officers and staff was put on alert which includes those have knowledge of the harassment include Officer Murray, Officer Watts, Mrs. Bonner, Warden Price, Warden Hucks, Institutional Psychologist, the Commissioner Officer, Central Records Mrs. Anette Bonner and the Internal Intelligence Division (I & I) by me and my family that included letters, phone calls, and online complaints. (see Retaliation and misconduct letter dated 01/8/13 and I & I Electronic complaints)

Page 4 of 5



22. IF only an investigation was conducted Nov.9, 2012 I wouldn't be subject to these treatments now. Officers and inmates witness the lies he Officer Jenkins told because they were present and do not remember hearing or seeing what Jenkins reported including Officer Lucky, Officer Roucker, Officer Murray, Officer Holtzclaw, inmate Andrew Shavers #196537, Vance Pugh #184560, Brandon Lucky #245102, Elvemardo Demar #226317, Aaron Carr #228194, Johnny Young #090671.

23. Officer Jenkins was threatening of this complaint/harm so I asked to be put back in min.see. (See Nov.26,2012 inmate Grievance)

24. Sargent Robertson gave disciplinary that is not true and false p, not what Jenkins reported. (See Trade Report # 278356, Arresting Officer Robertson Nov. 9, 2012)

25. Sargent Robertson was tired and Officer Jenkins became Sargent, he told me what he was Sargent now and didn't need approval and touched/cuffed out me.

26. Prior to Nov 9,2012 I maintained a 13 year clear record and was placed in max custody for one incident that which does state men p and 11 months in a single man cell 24 hours a day except a hour exercise and Shower, Cell and body search every time I exit the cell and was released June 24,2013.

27. June 24, 2013 until July 26, 2013 I was part of Crime Bell program until ICS moved me to C block 411 cell. Sargent Jenkins conspired again at me with the assistant because he knew I was just landing into C block and was unreported or being wrote up a for team, and the incident Aug.9, 2013 was about a cell phone.

28. The Warden Knew about the widespread pattern of Sargent Jenkins Misconduct and practice of harassment and abuse on me.

29. Warden Price failed to cooperate any investigation into these attacks.





# State of Alabama
# Department of Corrections

Alabama Criminal Justice Center
301 South Ripley Street
P. O. Box 301501
Montgomery, AL  36130-1501
(334) 353-3883
November 25, 2013



**ROBERT BENTLEY**
GOVERNOR

**KIM T. THOMAS**
COMMISSIONER

Reginald Burrell #210704
Donaldson C. F.
Y40-1B
100 Warrior Lane
Bessemer, Al. 35023

Inmate Burrell,

I am in receipt of your complaint against Officer Jenkins and the mistreatment you feel you've been subjected to at Donaldson.  I recall addressing a similar issue with you in a previous letter about Officer Jenkins.

I would suggest if you find yourself in some type of disagreement with Officer Jenkins or another correctional staff member you notify the shift commander on duty.  I can also assure you Officer Jenkins would not have the authority to keep you confined in segregation.  He may make a recommendation to the segregation review board but that decision would be made by the Warden.

I've also noted that on the property you speak about in your letter that you've filed a board of adjustments claim.  Since you have taken that step, the property issue will be handled through that agency and Donaldson CF.

I'm not sure what's going on with you, but I would suggest you learn to curb the behavior that's causing you to receive disciplinaries and learn to adhere to the rules and regulations of the ADOC.

Sincerely,

Grant Culliver
Institutional Coordinator

cc:    Cheryl Price, Warden III
       Institutional File
       File



Alabama Department of Corrections                                      **DISC004**

## DISCIPLINARY REPORT

403A Warden Decision

**Incident Report Number:**      WDCF-14-00223

1. **Inmate:**      BURRELL, REGINALD                    **Custody:**    MEDIUM                    **AIS:** 00210704
2. **Institution:**      WILLIAM E. DONALDSON CORR. FAC                                          **Disc #:** WDCF-14-00223-1
3. The above inmate is being charged by:                    TURNBULL, TESHAURA K
   with a violation of the following Rule(s):
   501 - Fighting without a weapon
   From Administrative Regulation #403, which occured on or about:
   Jan 28 2014 10:35AM at Y-unit

   A hearing on this charge will be held after 24 hours from being served.
4. Circumstances of the violation(s) are as follows:

   On January 28, 2014, Correctional Officer Teshaura Turnbull observed Inmate Reginald Burrell B/M210704 fighting without weapons with Inmate Douglas McMeans B/M199341 and Inmate Rhimington Johnson B/M275788.

   01/28/2014                                          TURNBULL, TESHAURA K / Officer
   _____                                  _____
   Date                                               Arresting Officer Name / Title

5. I hereby certify that on this 28th day of January, 2014, at (time) 22:23:00, I have personally served a copy of the foregoing upon the above named inmate and I have informed the inmate of his/her right to present oral or written statement at the hearing and to present written questions for the witnesses.

   GUNN, JUSTIN A                                     See Signed 403A (1-4)
   _____                                  _____
   Serving Officer Name / Title                       Inmate's Signature / AIS Number

6. **Witnesses desired?**      **NO:** See Signed 403A (1-4)                    **YES:** _____
                               Inmate's Signature                                     Inmate's Signature

7. **If yes, list:**    N/A    _____

8. **Hearing Date:**    February 5, 2014      **Time:**   08:48:00      **Place:**   Shift Office
9. Inmate must be present in Hearing Room. If he / she is not present, explain in detail on additional page and attach.
10. The Arresting Official, Inmate, and all Witnesses were sworn to tell the truth.

                                   POPE, TIMOTHY D
                                   _____
                                   Hearing Officer Name / Title

11. A finding is made that the inmate is capable of representing himself / herself.

                                   POPE, TIMOTHY D
                                   _____
                                   Hearing Officer Name / Title

12. **Plea:**                     BURRELL, REGINALD / 00210704                    **Not Guilty**

13. Arresting Official's testimony (at the hearing):

When I was coming from the corridor to Y-Side I saw a group of inmates fighting. Inmate Burrell was on of the inmates identified.
Did you see Inmate Burrell fighting? No
How did you determine he was fighting? When they got the inmates Officer Braggs did see them fighting.
Can you be certain Inmate Burrell was fighting? No

14. Inmate's testimony:

Not Guilty, I observed Inmate McMeans and another inmate fighting.
Were you fighting anyone? No, I was in the area but I was not fighting.

15. **The inmate was allowed to submit question(s) to all witnesses. Copy of questions and answers are attached.**



Alabama Department of Corrections                                    **DISC004**

## DISCIPLINARY REPORT CONTINUATION WDCF-14-00223-1

403A Warden Decision

POPE, TIMOTHY D
Hearing Officer Name / Title

**16. The following witnesses were not called:**

N/A

**17. After hearing all of the testimony, the Hearing Officer makes the following findings of fact (Be Specific):**

**The hearing Officer finds that:**

The Hearing Officer finds that there was a fight, and Inmate Burrell was in the area. Officer Turnbull cannot positively say Inmate Burrell was involved in the fight.

**18. Basis for finding of fact:**

The Hearing Officer basis his findings on the inmate's and Arresting Officer's testimony.

**19. Hearing Officer's decision:** [ ] **Guilty**   [ X ] **Not Guilty**   [ ] **Recommend for reinitiation**

**20. Hearing Officer's recommendation of sanction(s) to be taken against this inmate:**

[ ] Counseling / Warning

[ ] Extra Duty for ____ days at _____ hours per day under supervision _____ Shift

[ ] Loss of Outside privileges for _____ days                **Community Based Institutions Only:**

[ ] Loss of Canteen privileges for ___ days                 [ ] Draw cut to __ (min $25) for __ days

[ ] Loss of Telephone privileges for ___ days               [ ] Restriction / State Whites for _____ days

[ ] Loss of Visiting privileges for _____ days              [ ] Loss of Passes for _____ days

[ ] Removal from Hobby Craft                                 [ ] Return to Inmate Staff for _____ days

[ ] Loss of Good Time _____ Yrs _____ Mos _____ Dys

[ ] Disciplinary Seg for _____ days

[ ] Recommend Custody Review

[ ] Recommend Job Change

[ ] Financial Compensation _____

POPE, TIMOTHY D
Hearing Officer Name / Title

**21. Warden's Action - Date:**        02/12/2014

**Approved**        Cedric Specks _____

**Disapproved**     _____

**Other (specify)** _____

**22. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above named Inmate on this the**
_15_ **day of** _February_ **, 20** _14_ **at (time)** _853_ **( am / pm ).**

23.  M. Scholl Black/correctional Lemus M. Burrell

Pg 1. of 3.



Reginald Burrell # 210704
100 Warrior Lane
Bessemer, AL 35023

ATTN: Mrs. Anetta Coleman
        Classification - Director
        301 S. Ripley St.
        Montgomery, AL 36130

ATTN: Kim Thomas, Commissioner          01/08/13
        Alabama Dept of Corr.
        301 S. Ripley St.
        P. O Box 301501
        Montgomery, AL 36130-1501

RE: Retaliation & Misconduct by DOC officers

        Prior to the current situation between me and Officer Jenkins
Mohammad where he made a false statement and disciplinary violation
against me, Back in 2009-2010 I had to ask LT. Jones to tell Officer
Jenkins to stop bothering me, which although he did stop, he started
calling me a snitch and rat whenever he seen me. Early in 2012
me and officer Jenkins came under investigation because warden
Price I received a request slip with my name on it saying me and
officer Jenkins was involved in homosexual affairs and he kept
harrassing me. Although I did not write the request slip or had
No knowledge of it, officer Jenkins held me responsible any
way and further turned him against me.
        Nov 9, 2012 around 10:48Am D-Block I had witness Officer
Jenkins Mohammad beaten up on Inmate Joshua James # 276386.
There were many other inmates that witness the same. Sergeant
Robertson was present and I complained to him about it. Other
inmates was asking officers Ludu, Roucker, and Murray to call
a captain down to D-Block to report it. I was the first

Exhibit G

to be retaliated on by Officer Jenkins. He was on the top tier when he observed me complaining to Sergeant Robertson. He instantly began cursing and threatning me saying what he will do to me while coming down the steps after me. I ran away from him and he detour to other inmates that was asking for the captain to be called down to D-Block, I continued to the cube hole where I explained the situation and asked the officer in the cube to call the captain down to D-Block. I leave the cube hole and went stood under the T.V against the wall. Where I stood watching Officer Jenkins and Sargent Robertson arguing with inmates that wished to report officer Jenkins assault on Joshua James. Officers Ludu, Roucker and Murray stood observing the situation. Sergeant Robertson left officer Jenkins and inmates and came over to me standing against the wall and started poking me in my face while saying,"I don't need you to tell me how to do my Job", and as I was trying to respond he grabbed me by my mouth to shut me up. Thats when I heard others saying to sergeant Robertson," man you aint got to do all that to him", and thats when Sergeant Robertson grabbed me by the neck and started pulling me towards the door into the Corridor. About 20 ft. from the door exist sergeant

Pg. 3. of 3.

Exhibit G

Robertson grabbed his radio and called a code red. He then got more aggressive and started to force me on the floor and thats when officer Roucker came over and he instructed officer Roucker to put handcuffs on me while he choked me. While he still was choking me as I layed on the floor, officers from the code Red began to pour into D-Block. Then he picked me up and Sergeant Robertson and officer Roucker escorted me all the way to the infirmary.

Officer Jenkins Mohammad Retaliated against me when he wrote me a disciplinary for violating rule # 62 Intentionally creating a security, safety, or health hazard saying; I caused other inmates to become disoderly by my own behavior

Note: Out of the three(3) other officers present, not including the cube officer, Officer Jenkins Mohammad is the "only" officer making such allegations against me.

Note: Sergeant Robertson report and testimonys at Joshua James disciplinary hearing even do not agree with officer Jenkins Mohammad disciplinary, report or testimony.

I request for the false disciplinary report written by officer Jenkins Mohammand be taken out my record.

Finger prints

Reginald Burrell #210704
01/08/13

Exhibit H

Alabama Department of Corrections                                    **DISC004**

## DISCIPLINARY REPORT

403A Warden Decision                        G 2/

**dent Report Number:**    WDCF-12-02495

**nmate:**    BURRELL, REGINALD          **Custody:**    MEDIUM          **AIS:** 00210704

**stitution:**    WILLIAM E. DONALDSON CORR. FAC                        **Disc #:** WDCF-12-02495-1

**he above inmate is being charged by:**          JENKINS, MOHAMMAD S

**with a violation of the following Rule(s):**

505 - Intentionally creating a security, safety, or health hazard

**From Administrative Regulation #403, which occured on or about:**

Nov  9 2012 10:48AM at D-Block

**A hearing on this charge will be held after 24 hours from being served.**

**Circumstances of the violation(s) are as follows:**

You, Inmate Reginald Burrell B/210704 did cause a security, saftey, or health hazard by causing other inmates to become disorderly by your own behavior.

| 11/09/2012 | JENKINS, MOHAMMAD S / Officer |
|---|---|
| Date | Arresting Officer / Title |

I hereby certify that on this 10th day of November, 2012, at (time) 13:31:00, I have personally served a copy of the foregoing upon above named inmate and I have informed the inmate of his/her right to present oral or written statement at the hearing and to sent written questions for the witnesses.

| SNELSON, SAMUEL R | See Signed 403A (1-4) |
|---|---|
| Serving Officer's Name | Inmate's Signature / AIS Number |

**Witnesses desired?**    NO: See Signed 403A (1-4)                    YES: _____

Inmate's Signature                              Inmate's Signature

**f yes, list:**    N/A

**Hearing Date:**    November 20, 2012    **Time:**    14:33:00    **Place:**    EFGH Corridor

**Inmate must be present in Hearing Room. If he / she is not present, explain in detail on additional page and attach.**

**The Arresting Official, Inmate, and all Witnesses were sworn to tell the truth.**

RIGGINS, BRYAN H
Hearing Officer

A finding is made that the inmate is capable of representing himself / herself.

RIGGINS, BRYAN H
Hearing Officer

**Plea:**          BURRELL, REGINALD / 00210704                    **Not Guilty**

**Arresting Official's testimony (at the hearing):**

as on the top tier conducting a search of cell D-26. I observed Inmate Burrell on the day room floor talking loud and stating to other inmates t "we shouldn't take this!" Inmate Burrell encouraged other inmates to get a riot started. Shortly thereafter, a bunch of inmates gathered und Inmate Burrell and Sergeant Robertson. That's when I ran down the steps to help Sergeant Robertson.

**Inmate's testimony:**

fuse to attend this disciplinary hearing.

**The inmate was allowed to submit question(s) to all witnesses. Copy of questions and answers are attached.**

RIGGINS, BRYAN H
Hearing Officer

(Exhibit H)

Alabama Department of Corrections

**DISC004**

## DISCIPLINARY REPORT CONTINUATION WDCF-12-02495-1

403A Warden Decision

The following witnesses were not called:

N/A

After hearing all of the testimony, the Hearing Officer makes the following findings of fact (Be Specific):

The hearing Officer finds that:

I find Inmate Burrell guilty of intentionally creating a security, safety or health hazard.

Basis for finding of fact:

The sworn testimony of the arresting officer and the inability of Inmate Burrell to refute the charges.

Hearing Officer's decision:  [ X ]  Guilty  [  ]  **Not Guilty**

Hearing Officer's recommendation of sanction(s) to be taken against this inmate:

| | |
|---|---|
| ____ | **Counseling / Warning** |
| ____ | **Extra Duty for ____ days at ____ hours per day under supervision _____ Shift** |
| ____ | **Loss of Outside privileges for ____ days**   **Community Based Institutions Only:** |
| X | **Loss of Canteen privileges for 45 days**    [  ] **Draw cut to _____ (minimum $25)** |
| X | **Loss of Telephone privileges for 45 days**    [  ] **Restriction / State Whites for ____ days** |
| X | **Loss of Visiting privileges for 45 days**    [  ] **Loss of Passes for ____ days** |
| ____ | **Removal from Hobby Craft**    [  ] **Return to Inmate Staff for ____ days** |
| ____ | **Loss of Good Time ____ yrs ____ mths ____ dys** |
| X | **Disciplinary Seg for 30 days** |
| ____ | **Recommend Custody Review** |
| ____ | **Recommend Job Change** |
| ____ | **Financial Compensation _____** |

RIGGINS, BRYAN H
Hearing Officer

Warden's Action - Date:   11/30/2012

Approved   Lloyd Hicks

Disapproved   _____

Other (specify)   _____

I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above named Inmate on this the
___ day of _Daanber_____, 20_12_ at (time) _5:10___ ( am /pm ).

Officer L. Nelson COI                    (refuse to sign) S.S
Serving Officer's Signature / Title        Inmate's Signature / AIS Number

Cont.

47. Could open all the way. The dog man told me and Willard Jones to step out the cell. We did. The dog man took his dog inside the cell. I stood on the top tier face to face with Captain Baldwin as he frowned at me and said "You the one that want to go around and use other people address and put folks in debt in shit" Then I said thats all a lie and you know it, and why you let me get stabbed and cut on six (6) times and aint do nothing about it and let them go free. Captain Baldwin just marked me back with a ugly expression on his face while saying it. The dog man came out the cell. Captain Baldwin told his sargent to go in the cell. As the sargent went in the cell trashing my cell with paper and clothes thrown around everywhere other words was exchange then they all left out the dorm and let all inmates back out their cells off lock down.

48. Captain Baldwin, officer Eddie Watts and a couple inmates was standing on the westhall when I was coming down the hall from eating at the dinning hall lunch time. As I passed by Captain Baldwin continued to harrass me saying out loud "Yeah Im writing on the lawsuit, go ahead you aint gone get shit" I didn't respond just kept walking.

49. Inmates McMean, Jackson and Jones accused me of sending Lieutenant Pope after they phone. So inmate McMean used his job as the laundry worker to get to me and tried to assault me again. I had help this time and a big fight broke out. Captain Baldwin let me go to my surprise. This happen on 1-28-2014 Exhibit F Line 13.

50. In 2010 Lieutenant Eric Jones had intervened and told officer Jenkin to stop bothering me after I continued complaining to Lieutenant Jones about how officer Jenkins would walk behind me closely on the easthall one day, I moved to the left out his way, then Jenkins would move to the left behind me, I move again to the right, Jenkins moved to the right. I stopped and turned around to face him then he was like what you can't whip me. Another time he pinned me in the easthall coner making me tell him he's the man. He always searched me. From my cell to the hallways. I started to feel uncomfortable and and uncertain what to expect out of Jenkins so I went to Lieutenant Jones.

51. Officer Jenkins started telling inmates and other officers I ratted on him to the Lieutenant. And that I was a snitch. Jenkins a loud mouth and whenever or where ever he seen me he let everybody know I will snitch and for others to be careful around me.

52. In 2011 a request slip with my name on it was sent to Warden Price. It reported several times and locations of sexual encounters between Jenkins and I. The facts was altered and not exact, plus I did not write it, so Warden Gurdy was not concern, since he lead the investigation questioning me and officer Jenkins.

53. After Warden Gurdy and warden Price investigation Jenkins immediately called me out my cell block mad and cursing me out. He threatening me and said he will destroy me. He just knew I wrote the request or I had something to do with it.

54. November 9, 2012 I witness officer Jenkins slap and hit my friend inmate Joshua James in the face, run into him punch pushing him in

PAGES 17. OF 22.

Cont.

54. the chest until he had him bagged in the top tier corner of the wall. All the while provoking him to hit back talking loud at him noise to noise.

55. Sargent Robertson and other inmates stood watching. I told sargent Robertson was he just going to let Jenkins beat up on Josh and was not going to stop it. Robertson said no I got this. Jenkins heard me and started calling me names and cursing at me talking about what he will do to me and started coming down the stairs after me. I ran. Other inmate witness called out for officers Ludu, Rucker and Murray to call the captain to the dorm. Jenkins sprayed mace on them. Robertson choked me for telling him how to do his Job. Jenkins then targeted me and falsified a disciplinary report against me first saying I caused the incident, and then he testified at the disciplinary hearing saying I tried to get a riot started.
(See my letter titled," Retaliation & Misconduct by DOC officer dated 01/08/13) (Mailed to Classification Director Anetta Colemen Commissioner, Kim Thomas) See Joshua James A.I.S# 276386 Report. (See Disciplinary Report Nov.9,2012 Exhibit G & Exhibit H

56. Officer Jenkins was threatening and disrespectful at hearing and I did not feel safe because I was alone with five other officer and Jenkins secluded in a hallway. Exhibit H line 14 Inmate testimony

57. Jenkins ensured I would stay in lock up segregation closed custody for seven in a half 7½ months. In a single man cell, Twenty four hours a day. Searches every time I exist my cell for shower or yard time.

Pages 18, OF 22.

58. From Nov 9, 2012 to June 24, 2013 I was in segregation closed custody. (See segregation records)

59. I was released from segregation June 24, 2013 and put in the crime bill program where I signed up and remained at. (Exhibit I Job Assignment)

60. Approximately July 26, 2013 ICS office at William E. Donaldson C.F moved me for no reason to C-D block cell 47.

61. And then on Aug. 9, 2013 I was cut and stabbed six (6) times with a knife by Jackson, McMean, Jones and Moore over a cellphone.

62. Officer Jenkins learned of the incident and joined forces with and conspired against me with Jackson, McMean, Jones, and Moore.

63. Officer Jenkins used his influence with Captain Baldwin to make me suffer on top of suffering. And Captain Baldwin used his influence with the Warden(s) to make it happen.

64. Upon Warden Hick, Warden Specks or Warden Price discovering that I had been assaulted with a weapon and those responsible was not charged nor was they confined to segregation, and how officer Jenkins falsified the reports omitting facts to the incident, niether warden reinitiate charges against the inmates or discipline officer Jenkins and Captain Baldwin for their roles.

65. Warden Price and Lloyd Hicks knew about the widespread pattern of abuse, misconduct and harrassment against me.

66. Warden Price failed to cooperate or initiate any investigation into these attacks.

## Legal Claims

67. Warden Price and it's officials inaction to the harrassment amounted to a violation of my right to equal protection and caused injury and infringing on my substantive Due Process Rights under the fourteenth Amendment and eighth Amendment to the United States Constitution against cruel and unusual Punishment.

68. The effect of harrassment and failure to remedy the harrassment deprived me of my statutory and constitutional Rights Granted to me by the Due Process clause and Equal Protection clause of the fourteenth Amendment of the United States Constitution and eighth Amendment against Cruel and unusual Punishment and 42 U.S.C.A. 1983

69. Captain Baldwin failure to protect and stop Sergent Jenkins and remedy the assault with a weapon against me constituted deliberate indifference and denied me my Equal Protection Rights under the fourteenth and eighth Amendments against Cruel and unusual Punishment.

70. Captain Baldwin allowing Sergent Jenkins to falsify reports and free the inmates responsible for the assault with a weapon against me violated the Due process and Equal Protection clause of the fourteenth and eighth Amendment against Cruel and Unusual Punishment.

Pages 20. of 22.

71. The named Defendants violated my federally Protected Rights
by acting in concert to conspire while acting under the color
of state law violating my Fifth, Eighth and fourteenth
Amendment Rights to the United States Constitution.

## Prayer for Relief

Wherefore, I respectfully pray that this Court enter Judgement
Granting;

1. The acts and omissions described herein violated my rights under
the Constitution and laws of the United States.
2. Jenkins Mohammad face jail time for violating my Civil Rights
3. Officer Jenkins and Captain Baldwin be charged according to
state and Federal law for falsifying records intended for public
records and remove the same out my file.
4. Jeffery Baldwin face jail time for violating my Civil Rights.
   Compensatory damages in the amount of $75,000 against each
   defendant jointly and severally.
5. Warden Price, Cedric Specks, Grant Gulliver to be demoted perminately.
6. Punitive Damages in the amount of $50,000 against each
   defendant.
7. A personal apology from all defendants found to be in violation.
8. A jury trial on all issues triable by Jury.

My cost in this suit, and additional relief this Court deems
Just proper and equitable.

Dated this 9th day of June 2015

Respectfully Submitted

*Reginald Burrell*

Reginald Burrell # 210704
2115 Bashi Road
Thomasville, AL 36784

## Verification

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.
Executed at Thomasville, Alabama on 9th June 2015

*Reginald Burrell*

Reginald Burrell # 210704

## Certificate of Service

I hereby certify that I have provided a copy to this Honorable Court by placing same in the U.S. mail, prison mail box, Postage Prepaid and addressed correctly on this 9th day of June 2015

*Reginald Burrell*

Reginald Burrell # 210704
2115 Bashi Road.
Thomasville, Alabama 36784

Pages 22. of 22.

Exhibit I

Alabama Department of Corrections

DISC007

**NOTICE OF POSTPONEMENT OF DISCIPLINARY HEARING**

**Inmate:**    BURRELL, REGINALD                    **Custody:**    MEDIUM                    **AIS:** 00210704

**Institution:**    WILLIAM E. DONALDSON CORR. FAC                                    **Disc #:** WDCF-13-01618-2

**Dorm / Bed#:** AS _R19-1A                    **Job Assignment:**                    CRIME BILL/ Pre-Treatment

**Violation(s):**

505 - Intentionally creating a security, safety, or health hazard

Notice is hereby given that your Disciplinary Hearing which was scheduled at 08:00:00 on 08/23/2013 has been rescheduled for 08/24/2013 at 12:00:00

**Reason for rescheduling:**

Witness Officer Watts not at work.

_Reginald Burrell 210704 8/23/13 3:45pm_

Inmate's Signature / AIS # / Date

_James C Hudson 8/23/13_

Serving Officer's Signature / Date

RunDate: 08/23/2013                                                            ADOC Form 403-D